(No. 19550.—

THE STANDARD OIL COMPANY, Appellee, *vs.* ALBERT C. BOLLINGER, Director of Finance, *et al.* Appellants.

*Opinion filed December 20, 1929.*

Oscar E. Carlstrom, Attorney General, Montgomery S. Winning, and S. S. DuHamel, for appellants.

Louis L. Stephens, Harry A. Daugherty, and Hicks & Folonie, for appellee.

Mr. Justice DeYoung delivered the opinion of the court:

The Standard Oil Company, a corporation organized under the laws of Indiana and authorized to transact business in this State, filed in the circuit court of Sangamon county an amended and supplemental bill of complaint to enjoin the Director of Finance and other executive and administrative State officers from depositing in the State treasury a certain sum of money and from negotiating certain checks remitted by the complainant to the Department of Finance in payment of the motor fuel tax imposed by the act of 1927. The bill further asked that the money be refunded and the checks returned. From a decree in substantial conformity with the prayer of the bill this appeal is prosecuted.

The allegations of the bill are that the complainant is engaged in the manufacture and distribution of motor fuel; that in accordance with the provisions of the act entitled, "An act to impose a license tax on the sale and use of motor fuel," effective July 1, 1927, (Laws of 1927, p. 758), the complainant was licensed to act as a distributor of motor fuel in this State; that complying with section 4 of the act, complainant, between the first and twentieth days of February, 1928, made returns under oath to the Department of Finance upon forms furnished by its director showing the quantity of motor fuel manufactured, received,

sold and distributed during the month of January, 1928; that at the time of making these returns, complainant paid as a tax to the Department of Finance, two cents upon each gallon of motor fuel sold or used by it during the month of January, less three per cent, deducted as an allowance for evaporation and other loss; that such payments, five in number, aggregated $224,873.16; that the complainant, through certain branch offices, made additional returns for the same period accompanied by checks aggregating $80,693.33; that prior to the presentation of these checks the banks on which they were drawn were notified not to honor them; that the notices were observed and that the checks are held by the director of the Department of Finance; that each of the foregoing remittances was accompanied by a written protest that the act by which the tax was imposed violated certain sections of the State and Federal constitutions; that the payments were made under duress and the fear of the infliction of the penalties prescribed by the act, and that the tax in effect takes private property without due process of law and denies the equal protection of the law; that on February 24, 1928, this court, in the case of *Chicago Motor Club* v. *Kinney,* 329 Ill. 120, held the Motor Fuel Tax act of 1927 void; that the money and checks described are held in trust for the complainant; that the State has no interest therein or right thereto and that they ought to be paid and delivered to the complainant.

The defendants answered the bill. By their answer they averred that no threat to enforce the penalties of the Motor Fuel Tax act of 1927 was made against the complainant, its agents or employees; that the complainant, while protesting to the department to which it paid the tax that the act under which it was collected was void, yet represented to the public and to its customers that the act was in force and effect; that the complainant collected

from its customers, not as a part of the purchase price but as a tax pursuant to the provisions of the act, two cents upon each gallon of motor fuel which it sold; that the complainant has neither returned nor offered to return, but intends to retain the sums so collected; that the complainant is not the real party interested in the suit, nor, in consequence of its conduct, is it free from fraud with respect to the matter of which it complains; that it does not come into court with clean hands, and that by reason of its collection of the tax from its customers, it has suffered no damage and is estopped from asserting the claims made in its bill. To support certain of these averments the defendants filed a cross-bill for discovery to which a demurrer was sustained. Exceptions to the foregoing averments of the answer were filed by the complainant. The exceptions were sustained and the particular portions of the answer were ordered expunged. The defendants excepted to this order and elected to abide by their answer and cross-bill. A hearing on the bill and answer followed which resulted in the decree under review.

The record in the instant case is substantially the same as the records in the consolidated cases of *Richardson Lubricating Co.* v. *Kinney,* and *Indian Refining Co.* v. *Bollinger,* (*ante,* p. 122,) except that in those cases no protest accompanied the respective remittances in payment of the tax. From the bills and answers in those cases, the court concluded that the tax had been paid voluntarily and not under duress; that the complainants had collected from their customers as a tax the sums of money which they sought to recover from the Department of Finance; that they had not returned nor offered to return the moneys so collected, but intended to retain them; that, since they refused to do equity they did not come into court with clean hands and that they were estopped from asserting the claims set up in their bills.

During the period in question, the appellee invoked the Motor Fuel Tax act of 1927 as its authority to collect from its customers two cents upon every gallon of motor fuel sold by it. Appellee represented that the additional charge constituted the tax imposed by the act and was not a part of the price paid for the fuel. The money so collected, the appellee remitted to the Department of Finance in satisfaction of the tax. The appellee acted merely as an intermediary between its customers and the Department of Finance. It paid the tax, not out of its own funds, but by the collections from its customers for the particular purpose. It now seeks to recover what it has not refunded and does not intend to refund to its customers. It asks the interposition of a court of equity to recover money which does not belong to it, but it refuses to be governed by equitable considerations. The record fails to disclose any basis for the relief sought. *Richardson Lubricating Co.* v. *Kinney* and *Indian Refining Co.* v. *Bollinger, supra.*

Since the appellee paid the tax voluntarily, its protests against the legality of the tax made at the times of the several remittances were of no avail. *School of Domestic Arts and Science* v. *Harding,* 331 Ill. 330; *Conkling* v. *City of Springfield,* 132 id. 420; *Union Pacific Railroad Co.* v. *Dodge County Comrs.* 98 U. S. 541; 3 Cooley on Taxation, (4th ed.) sec. 1297.

The decree of the circuit court of Sangamon county is reversed, and the cause is remanded to that court with directions to overrule the exceptions to the answer and the demurrer to the cross-bill.

*Reversed and remanded, with directions.*