(No. 19645.— No. 19672.—

THE AGNI MOTOR FUEL COMPANY, Appellee, *vs.* GARRETT DEF. KINNEY, State Treasurer, *et al.* (ALBERT C. BOLLINGER, Director of Finance, Appellant.)—THE AGNI MOTOR FUEL COMPANY, Appellant, *vs.* GARRETT DEF. KINNEY, State Treasurer, *et al.* Appellees.

*Opinion filed June 20, 1930.*

OSCAR E. CARLSTROM, Attorney General, MONTGOMERY S. WINNING, and S. S. DUHAMEL, for the State Treasurer *et al.*

HUFF & COOK, and BROWN, HAY & STEPHENS, (CHAUNCEY M. MILLAR, and HERBERT A. HUFF, of counsel,) for the Agni Motor Fuel Company.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Agni Motor Fuel Company filed a bill in the circuit court of Sangamon county on March 16, 1928, against the Director of Finance, the State Treasurer and other State officers, in their official capacities and as individuals, for an injunction and a decree requiring them to return to the complainant the sum of $42,890.82 which it had paid as the license tax required of it by the act of June 29, 1927, to impose a license tax on the sale and use of motor fuels, for the last five months of 1927 and the month of January, 1928. A second amended and supplemental bill was filed on April 2, 1929. On the same day the defendants answered this amended and supplemental bill and filed a cross-bill, to which a demurrer was sustained and the cross-bill was dismissed. The complainant filed a number of exceptions to the answer, two of which were overruled and all the rest sustained. Thereupon the cause was heard on the amended and supplemental bill and the answer to it, no replication having been filed, and the court found the equities of the case with the complainant as to $7269.04, the amount of the tax paid for the month of January, 1928, and for the defendants as to the remainder of the tax paid, $35,621.78. A decree was accordingly entered dismissing the bill as to all the defendants except the Director of Finance, and also as to the Director of Finance except as to the sum of $7269.04 paid by the complainant as the motor fuel tax for the month of January, 1928, which still remained in the hands of the Director of Finance, making the injunction against the payment of that sum to the State Treasurer perpetual and ordering its payment to the complainant. Two appeals were taken from this decree, one, which is No. 19645, by the Director of Finance from that part of the decree which enjoined him from paying to the State Treasurer the $7269.04 received by the director as the tax for January, 1928, which still remained in his hands and

ordered it paid to the complainant; the other, which is No. 19672, by the complainant from that part of the decree which dismissed the bill as to the defendants other than the Director of Finance and as to the tax received by the director for the last five months of 1927 and deposited by him with the State Treasurer. The two appeals have been consolidated.

The question raised by the complainant's appeal No. 19672 is whether the payment of the tax, under the circumstances shown, was voluntary or was paid under duress existing by virtue of the terms of the act imposing the tax. This question has been disposed of adversely to the contention of the complainant in *Richardson Oil Co.* v. *Kinney,* 337 Ill. 122, and *Standard Oil Co.* v. *Bollinger,* id. 353. All the arguments on this question now advanced by the complainant were urged and considered in those cases and we adhere to the conclusion there reached. The circuit court's decree dismissing the bill as to the taxes other than those involved in the appeal of the Director of Finance and as to the defendants other than the Director of Finance is based upon the court's conclusion that as to those taxes deposited with the State Treasurer the suit was, in effect, a suit against the State, contrary to the constitutional denial of the right to make the State defendant in any court of law or equity. In view of the decision in the other appeal that there is no right of recovery in any event, the decision of this question is unnecessary. It results that the part of the decree involved in No. 19672 must be affirmed and the part involved in No. 19645 reversed, and it is so ordered.

The decree so far as it orders the Director of Finance to pay $7269.04 to the complainant and enjoins him from paying that sum to the State Treasurer is reversed and in all other respects it is affirmed.

*No. 19672 affirmed, No. 19645 reversed.*