(No. 1273—■)

S. Oppenheimer & Co., Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed December 16, 1930.*

Herwin Michael Hart, for claimant.

Oscar E. Carlstrom, Attorney General; David J. Kadyk,. Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

This claim is for $2,585.26 alleged excess franchise taxes and license fees paid by claimant for the year 1925. The declaration charges that there was unlawfully assessed against it for the year 1925 a franchise tax of $1,534.42 and an additional license fee of $1,338.39, making a total of $2,872.81; that the amount lawfully due the State for that year is $287.55; that claimant protested against the payment of the assessment of $2,872.81 but in order to avoid the assessment of penalties, on June 29, 1926, paid the Secretary of State, under protest, the said sum of $2,872.81.

The Attorney General has demurred to the declaration.

It is the settled law of this State that taxes voluntarily paid cannot be recovered back unless there is a statute providing for such recovery. Payment to avoid penalties will be deemed a voluntary payment. (*21 R. C. L.*, p. 151, sec. 176; *People* v. *Bandy,* 239 Ill. App. 273.) The fact that the taxes may have been illegal does not alone give claimant the right to recover them. (*Board of Education* v. *Toennigs,.* 297 Ill. 469.) Neither does the fact alone that it made the payment under protest give claimant the right to have the

taxes refunded. (*Standard Oil Co.* v. *Bollinger,* 337 Ill. 353.) Before an illegal tax can be recovered back by the taxpayer he must show the payment was made under duress. And if he might have avoided the payment by resorting to a court of equity but did not do so the payment will be held to be voluntary. (*Ill. Merchants Trust Co.* v. *Harvey,* 335 Ill. 284.)

Under Paragraphs 171 and 172 of Chapter 127, Smith's 1929 Statutes claimant had a remedy in a court of equity to have the legality of these taxes determined and the taxes refunded if found to be illegal. Not having pursued that remedy it must be presumed that claimant paid the taxes voluntarily and without intending to ask for their refund. (*Richardson Lubricating Co.* v. *Kinney,* 337 Ill. 122.) The demurrer is sustained and the case dismissed.