(No. 21047.—

THE STANDARD OIL COMPANY, Appellant, *vs.* ALBERT C. BOLLINGER, DIRECTOR OF FINANCE, *et al.* Appellees.

*Opinion filed February 19, 1932—Rehearing denied April 8, 1932.*

Louis L. Stephens, and Hicks & Folonie, for appellant.

Oscar E. Carlstrom, Attorney General, Montgomery S. Winning, and A. N. Tolliver, for appellees.

Mr. Chief Justice Stone delivered the opinion of the court:

This is an appeal from the decree of the circuit court of Sangamon county dismissing the bill of appellant by which it seeks an injunction against appellees, Albert C. Bollinger, individually and as Director of Finance of the State of Illinois, Garrett Kinney, his successor, and other officials of the finance department. The bill seeks to restrain the payment into the road fund in the State treasury or other disposition of the proceeds of the two-cent motor fuel tax paid by appellant for the month of January, 1928, under the provisions of the Motor Fuel Tax act of 1927, amounting to $224,873.16, and seeks return of such sum to appellant. The basis of the action is the invalidity of the act of 1927, which was held to be unconstitutional in *Chicago Motor Club* v. *Kinney,* 329 Ill. 120.

On February 11, 1929, after the decision in the *Chicago Motor Club case,* appellant filed its first amended and sup-

plemental bill of complaint. Appellee Kinney had in the meantime been appointed Director of Finance as successor to appellee Bollinger, and was made party defendant both individually and in his official capacity as Director of Finance. Appellees filed an answer both individually and officially, and also filed a cross-bill seeking discovery, to which cross-bill a demurrer was filed and sustained, appellees excepting to such order of the chancellor. Appellant filed exceptions to the answer, which were sustained, and appellees excepted, and, abiding their answer, the chancellor, on hearing on the amended and supplemental bill and the averments of the answer not excepted to, entered a decree dismissing the bill of complaint as to all defendants' as individuals, but directing Bollinger, as Director of Finance, to pay the said sum of $224,873.16 to appellant, and enjoining Kinney, as successor of Bollinger, from receiving any of said moneys. Appellees Bollinger and Kinney, as former director and as Director of Finance, appealed from this part of the decree to this court. Appellant filed cross-errors, by which it sought to have reversed the portion of the decree of the circuit court dismissing the bill as to the defendants therein in their individual capacity. This court reversed the decree of the circuit court and remanded the cause, with directions to overrule the exceptions to the answer and the demurrer to the cross-bill. (*Standard Oil Co. v. Bollinger,* 337 Ill. 353.) In that case this court held that on the bill of complaint there filed, the answer thereto and the exceptions of appellant admitting the facts set up in the answer, appellant acted merely as an intermediary between its customers and the Department of Finance; that it collected the tax, as a tax, from its customers and paid it as a tax, not out of its own funds but as collections from its customers for that particular purpose; that it had refunded none of the money so collected to its customers, and though it had filed written protests at the times of payment of the tax to the Department of Finance, it did

not come into equity with clean hands and was not entitled to equitable consideration. This court also held that on the record there made appellant had paid the tax voluntarily, and its protests made at the times of such payment were of no avail. On remandment appellant filed its second amended and supplemental bill, and later filed an amendment thereto. This bill contained the averments of the first amended and supplemental bill. As they are in substance set out in the opinion of this court on former consideration of the case they need not be again detailed here.

The second amended and supplemental bill also contained the additional averments that $2370.94 of said tax paid represented two cents per gallon after deducting three per cent of the total, as allowed by the Motor Fuel Tax act of 1927 on motor fuel used by appellant in its own trucks and vehicles. This bill also avers as new matter that divers of its customers protested "against the increase of the exaction from them upon purchase of such motor fuel over what such exaction would have been but for the existence of such tax claims," and that appellant did as to such customers agree to attempt to recover the "tax so delivered to Bollinger," and that if it succeeded in so doing it would make ratable restitution of the proceeds of such collection, if any. It is also averred that appellant at no time disclaimed obligation to purchasers who had, in fact, made such purchases, and that it proposes to, and will, pay to such *bona fide* claimants the amounts "equivalent to *pro rata* of tax payments paid by your orator and recovered herein." The bill also avers that appellant has agreed to re-pay the amount of such tax *"pro rata* of net recovery" to such customers according to their purchases. By the amendment to the second amended and supplemental bill appellant alleges that the tax payments were made by it through fear that Bollinger, as Director of Finance, would enforce the penalties of the act against it, resulting in irreparable damage to its business, and that such payments were made in-

voluntarily and under duress. This amendment also avers that the purpose of the act having failed with the act, the taxes so paid cannot be lawfully expended and so are held in trust for appellant. It is also there averred that the exaction of the tax was contrary to the Illinois constitution and the constitution of the United States.

To the second amended and supplemental bill defendants jointly and severally, in their individual capacity, filed a plea of former adjudication, averring that the decree of the circuit court dismissing the bill as to them in their individual capacity was not appealed from and became and remains a final decree. Appellees Bollinger and Kinney, in their official capacity, also filed an answer in substance the same as that filed to the first amended and supplemental bill, which answer was excepted to on the former hearing and held sufficient by this court on review. They also further answered the second amended and supplemental bill, denying that the fund sought is in the hands of Bollinger or Kinney individually but as officials, and denying that complainant has any right to the fund or part thereof or that the fund is held in trust. The answer avers that no threat was made requiring the making of application for report blanks or requiring the payment of the tax; that appellant sold the motor fuel and collected the tax not as an addition to the purchase price but as a tax, and has not returned to any of its purchasers any part of the tax collected and in consequence has suffered no injury. The answer further avers that complainant, while protesting to the department by a written protest that the law was invalid, represented to its customers and to the public that the law was in force and effective, and that it was collecting on sales of motor fuel under the act, two cents per gallon as a tax thereon in addition to the purchase price, and that it did so collect the tax and by its conduct became guilty of the wrongdoing which it alleges appellees to be guilty of and does not come into court with clean hands. The answer

further avers that for the several months, from August, 1927, to December, 1927, appellant paid to the finance department the sum of $2,121,101.98 tax on motor fuel under written protest of the same kind and character as was used on payment of the tax involved here but brought no suit to restrain payment into the State treasury, though it knew and believed, as shown by the allegations of its bill, that it could not recover such payments after their payment into the State treasury; that it and other fuel distributors sat complacently by and filed no suit until the act was declared unconstitutional in a suit filed by the Chicago Motor Club, which is not a distributor but a consumer of motor fuel; that complainant knew the tax would fall on the consumer and that the use of such tax for the construction of hard-surfaced roads would be beneficial to complainant, and that therefore complainant made these payments voluntarily and not under duress or compulsion. They also answered the amendment to the second amended and supplemental bill, denying that Bollinger, as Director of Finance, made any demand on complainant for compliance with the act, and averred that complainant fully, willingly and voluntarily complied with the said act. This answer admits that Bollinger, as Director of Finance, believed the act to be valid, but denies that payments were made through fear, or that the fund is held in trust for the complainant, or that its collection violates the Illinois constitution or the constitution of the United States. A hearing was had on this bill as amended and the answers thereto and plea of *res judicata* and answer thereto, and the chancellor found that the plea was good and that allegations in the answers were sustained by the evidence, and entered a decree dismissing the bill for want of equity.

Counsel for appellant argue, first, that the decisions of this court on former appeal of this cause, and in the consolidated cases *Richardson Lubricating Co.* v. *Kinney* and *Indian Refining Co.* v. *Bollinger,* 337 Ill. 122, which were

followed by this court in the former hearing of this cause, are wrong and should be overruled. In *Agni Motor Fuel Co.* v. *Kinney*, 340 Ill. 17, it was sought to re-litigate the questions raised in the *Richardson Lubricating Co.* and the *Indian Refining Co. cases,* and this court announced that it adhered to the conclusion reached in those cases, and so we do in this case.

Counsel further argue that even though this court adheres to its opinion rendered on the former hearing of this cause, yet the record is not now the same; that on former hearing this court had before it but the bill and answer, while there is now a second amended bill and an answer thereto and a hearing of evidence; and it is further argued that appellees have failed to sustain the allegations of their answer.

The evidence on hearing showed that appellant in the sale of large quantities of gasoline to its customers rendered bills in which there was enumerated as a separate item the tax of two cents per gallon, and that at its various gasoline stations it posted signs showing the price of the motor fuel and reciting the tax of two cents per gallon as a separate item. The evidence also shows that there was no attempt on the part of Bollinger, as Director of Finance, to coerce the payment of this tax or to threaten appellant, but that the only evidence tending to show involuntary payment was the written protests filed at the times when the tax collected by it from its customers was paid to the Director of Finance, and that while for the months from August, 1927, to January 1, 1928, such written protests were filed, no attempt was made to recover any tax paid for those periods. The evidence also shows that of the $224,873.16 all but $1729.55 was collected from customers and not paid from funds of appellant, except where appellant, for the convenience of the customers, extended credit to them in the matter of payment for the motor fuel beyond the time when appellant was to pay in the tax.

The evidence shows that appellant paid $1729.55 as tax on motor fuel used by it, after deducting three per cent for loss and evaporation, as allowed by the act. There is no denial of the averments in the answer that appellant sat by until a consumer had brought proceedings to declare the act unconstitutional and procured such a judgment, and it seems clear that the conduct of appellant with its customers indicated that it did not advise them that the act was unconstitutional but collected the tax from them as a valid tax. It is also admitted in the evidence that appellant considered the motor fuel tax, when used for the building of hard roads, as a benefit to its business by reason of the increase in sale of motor fuel. These facts tend strongly to prove that the payment of the tax was not made under compulsion or duress but was made voluntarily, despite the filing of written protests at the times of payment. It very clearly shows that as to all the tax but $1729.55 paid on fuel used by it, appellant did not pay as such tax any of its own money, and that it does not have, and never has had, any right or claim thereto. It is averred in the bill that appellant has agreed with its customers that if it recovers any of the tax in this or other proceedings it will pay those who have filed protests with it, *"pro rata* of net recovery." This is neither an allegation of a loss to itself by reason of the payment of the tax nor of an obligation on its part to return at all events any of the tax paid by its customers to it. The bill clearly avoids any such an averment. In other words, appellant has suffered no loss by reason of the payment of tax collected by it from its customers. It further appears that appellant took the benefit of three per cent reduction for loss and evaporation allowed by the act. We are of the opinion that as to the tax collected from customers appellant has no interest therein, that the same was paid voluntarily, and that it has no right to recover it. Nor is the argument that the invalidity of the act caused the failure of its purpose, leaving no legitimate

purpose for which the fund may be expended, of any avail to appellant if it be conceded that the premise of such argument is sound, which we do not concede. It is sufficient for the purpose of the questions here, to say that, regardless of what may or may not be done with this fund, appellant has shown no right to it and therefore is not entitled to recover it, and the chancellor was right in so holding.

The question then comes as to the right of appellant to recover the sum of $1729.55 shown to have been paid as tax on motor fuel used by it. As we have seen, the record establishes that appellant by its conduct represented that it was operating under and complying with, and was intending to operate under and comply with, the provisions of the act, and that it considered that this tax would result in benefit to it of increased sales of its motor fuel arising from increased building of hard roads. No different conduct marked its treatment of the tax on its own motor fuel from that sold to its customers, save the tax on the former was paid out of its own funds after deducting three per cent, as allowed by the act. These facts, considered with the fact that the act was not declared invalid through a suit by appellant or any other distributor but by a consumer, place the payment of·the tax on the fuel used by it in no different situation from that collected from its customers, so far as voluntary payment is concerned. Counsel argue that this is such a case as *Chicago and Eastern Illinois Railway Co.* v. *Miller,* 309 Ill. 257. But in that case there was no evidence of voluntary compliance with the statute or benefit to the complainant from such compliance. In *Yates* v. *Royal Ins. Co.* 200 Ill. 202, the insurance company sought to recover a tax paid under an unconstitutional act. In that case it was pointed out that the suit in which the act was declared unconstitutional did not arise by reason of the disinclination of the insurance company to pay the tax but from an entirely different source, and payment of the tax was held to be voluntary. While no formal protest was

filed, this court held, citing Cooley on Taxation, (2d ed. 810,) that the mere fact that a tax was unwillingly paid or paid with complaint was of no legal importance, but there must be, in addition, evidence of legal compulsion to which the tax-payer submits. There is here no more evidence of such compulsion as to the tax paid on motor fuel used by appellant than there is as to payment of the tax collected from its customers. It for months paid the tax on its motor fuel without seeking to recover it, as was the case with the tax paid by its customers. The mere filing, at the times of payment, of protests against the legality of the tax, where evidence of other conduct of the party so paying indicates a willingness to comply with the act imposing the tax and that the payment of such tax is voluntary, is of no avail in an action to recover the tax paid. (*Standard Oil Co.* v. *Bollinger, supra; School of Domestic Arts* v. *Harding,* 331 Ill. 330; *Conkling* v. *City of Springfield,* 132 id. 420; *Union Pacific Railroad Co.* v. *Dodge County Comrs.* 98 U. S. 541; 3 Cooley on Taxation, (4th ed.) sec. 1297.) The fact that appellant believed that the penalties provided by the act would be operative against it if such tax was not paid is not sufficient to show involuntary payment. Such might be said of the payment of any tax.

It is argued, however, that appellant is entitled to a decree against appellees in their individual capacity if not as officials. The basis of this argument is, that when this court on former hearing of the cause reversed the decree of the lower court it also reversed that portion of the decree dismissing the bill as to appellees and others as individuals, and since they chose to rest their freedom from liability as individuals on an insufficient plea of *res judicata* they can make no other defense against individual liability. The former appeal was by appellees as officials. They did not seek to overturn the decree dismissing the bill as to them individually. While appellant excepted to that portion

of the decree and filed cross-errors here to such part of the decree it did not attempt to appeal from it. The only question considered on the former hearing of the cause related to that portion of the decree sustaining exceptions to the answer and entering an injunction. The decision of this court had to do with that portion of the decree, only. It did not even appear in the abstract, other than by cross-errors, that appellant desired to complain of the portion of the decree dismissing the bill as to appellees in their individual capacity, and no additional abstract was filed by appellant. The decree in favor of Bollinger and Kinney as individuals was not before this court for its consideration. Only that portion of the decree excepted to and appealed from by them was brought here on appeal. Appellant not having chosen to appeal from that portion of the decree adverse to them cannot bring it here merely by assigning cross-errors where such part of the decree does not come by the appeal taken. This view is well settled in this State. (*Johnson Manf. Co.* v. *Johnson Skate Co.* 313 Ill. 106; *Walker* v. *Montgomery,* 236 id. 244; *Glos* v. *Woodard,* 202 id. 480; *Wells* v. *Miller,* 45 id. 382.) The decree of the chancellor sustaining the plea of appellees of *res judicata* was right.

The questions involved in this case have been settled on the former hearing of this cause and the cases therein cited. There is not, in the further averments of the second amended and supplemental bill as amended, and the hearing of evidence thereon, that which requires a different conclusion. Appellant is not entitled to receive this tax.

The decree of the circuit court is affirmed.

<div align="right">

*Decree affirmed.*