(No. 1938—

CHICAGO FOUNDATION COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1934.*

ARNOLD L. LUND, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant asks to be reimbursed in the amount of One Hundred Seventy Dollars ($170.00) on account of over payments of franchise taxes made by it to the State of Illinois for the years 1928, 1929, and 1931. It appears that prior to 1928 the capital stock of the company was Forty Thousand Dollars ($40,000.00), and that on March 19th, 1928 the authorized capital stock was increased from Forty Thousand Dollars ($40,000.00) to Two Hundred Thousand Dollars ($200,000.00).

In connection with such increase the corporation indicated that it proposed to issue at once One Hundred Twenty Thousand Dollars ($120,000.00) of additional stock for cash, and Forty Thousand Dollars ($40,000.00) as a stock dividend; which, together with the Forty Thousand Dollars ($40,000.00) previously issued, made a total issued capital stock of Two Hundred Thousand Dollars ($200,000.00), upon which fees were assessed and paid. As a matter of fact, only One Hundred Ten Thousand Dollars ($110,000.00) of the authorized capital stock was actually issued, and claimant contends that the franchise tax should have been based upon that amount,

instead of Two Hundred Thousand Dollars ($200,000.00), upon which amount the tax was actually assessed.

There is no claim made in the declaration and no testimony in the record to show that the tax was paid under protest, and apparently the same was paid voluntarily. It is the well settled law in this State that a tax voluntarily paid cannot be recovered back in the absence of a statute providing for such recovery. *Oppenheimer and Co.* vs. *State*, 6 C. C. R. 465; *Board of Education* vs. *Toennigs*, 297 Ill. 469; *Illinois Merchants Trust Co.* vs. *Harvey*, 335 Ill. 284; *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122; *Standard Oil Co.* vs. *Bollinger*, 337 Ill. 353.

The taxes in question having been paid voluntarily and without any compulsion or duress cannot be recovered in this proceeding.

Award is therefore denied. Case dismissed.