(No. 1538— )

MOHAWK CARPET MILLS, INC., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1934.*
*Rehearing denied May 8, 1934.*

NOAH GULLETT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On May 15, 1929 the claimant was assessed a franchise tax of One Thousand Dollars ($1,000.00). Such tax was paid to the Secretary of State on June 15, 1929, and was held by him until July 17, 1929, at which time it was turned over to the State Treasurer.

Claimant filed its complaint herein on September 18, 1929, and claims that it really should have been assessed the sum of Forty-six Dollars and Twenty Cents ($46.20) instead of One Thousand Dollars ($1,000.00), and asks for the return of Nine Hundred Fifty-three Dollars and Eighty Cents ($953.80), which it claims to have paid in excess of the amount actually due from it.

On account of the conclusion at which we have arrived in this matter, it is unnecessary to enter into a discussion of the question as to the correct amount of the tax which should have been paid by the claimant.

Claimant alleges that it protested against the payment of such tax, and advised the Secretary of State of its contention that such tax, and the sections of the Corporation Act providing for the assessment thereof, were unconstitutional, null and void; and alleges also that the Secretary of State advised the claimant of his contention to the contrary, and insisted that the tax be paid, and that the Secretary of State advised the claimant that if the same were not paid, a penalty would be added thereto as required by the provisions of the then Corporation Act of this State, and, further, that he, the Secretary of State, would request the Attorney General to sue the claimant for the tax in an action of debt, in accordance with the then provisions of such Corporation Act, and that he would also request the Attorney General to file an information in equity against the claimant and thereby enjoin it from further transacting business in this State.

Claimant avers that in order to avoid the accumulation of said penalty, and in order to be able to continue to transact its business in this State, it paid said franchise tax under protest to said Secretary of State on the 15th day of June, A. D. 1929.

The Attorney General has filed a general demurrer to the complaint and takes the position that the payment of the

franchise tax by the claimant under the facts set forth in the complaint does not amount in law to a payment under protest, although the claimant at the time of payment stated to the Secretary of State that it protested the payment of the tax.

It is the well settled law in this State that a tax voluntarily paid cannot be recovered back in the absence of a statute providing for such recovery. In the case of *S. Oppenheimer & Co.* vs. *State*, 6 C. C. R. 465, the facts were very much the same as in this case, and this court there held that a demurrer to the declaration should be sustained.

In the case of *People* vs. *Bandy*, 239 Ill. App. 273, the court, in discussing the right to recover back a fine which had been paid upon a judgment of conviction which was thereafter held to be erroneous, on page 277 said:

"Of course, in one sense the payment of a fine is always involuntary since it would not be made if a criminal prosecution were neither instituted or threatened, but where a fine has been paid under the advice of counsel in order to settle the case or to avoid penalties for other offenses, or the trouble and expense of an appeal, the payment is said to be a voluntary one."

In the case of *Yates* vs. *Royal Ins. Co.*, 200 Ill. 202, the Supreme Court of this State held that the mere fact that the statute imposing a tax is unconstitutional, and the tax for that reason is illegal, is not sufficient to authorize an action to recover back the amount paid. In that case the court also said, page 207:

"If an illegal tax is, however, paid under duress or compulsion it may be recovered back. The appellee company contends that the statute under which the payment was made declared that the payment of the amount demanded thereunder as for taxes should be a condition precedent to its right to transact its business in the State; that it had established 290 agencies in the State and was engaged in transacting a large and profitable business, and that the payment sought to be recovered was exacted under threats on the part of the insurance superintendent that it would be denied the right to continue its business in the State unless the payment was made, and that it made the payment under the pressure of the situation, not voluntarily but under duress. It clearly appeared the superintendent of insurance believed the Act under which the payment was made was a valid law. Therefore the element of fraud, which might be involved if an illegal tax was collected with full knowledge that the law imposing the tax was invalid, does not enter into consideration. The question is then presented whether it appeared from the proofs the payment was made voluntarily, or under such circumstances as would constitute duress or compulsion";—

40

and the court, after an examination of the testimony, concluded that there was no duress or compulsion as a matter of law, and that the tax was voluntarily paid and therefore could not be recovered back. The same conclusion was reached in the case of *Board of Education* vs. *Toennigs,* 279 Ill. 469; also in the case of *Illinois Merchants Trust Co.* vs. *Harvey,* 335 Ill. 284; *Richardson Lubricating Co.* vs. *Kinney,* 337 Ill. 122; and *Standard Oil Co.* vs. *Bollinger,* 337 Ill. 353.

Furthermore, under the provisions of Paragraph Thirty-five (35), Chapter 127b of Cahill's Revised Statutes of 1929, the Secretary of State, in case of monies paid to him under protest, is required to hold the same for thirty days, and on the expiration of such period to deposit the same with the State Treasurer, unless the party making such payment shall within such period file a bill in chancery and secure a temporary injunction restraining the making of such deposit, in which case such payment shall be held until the final order or decree of the court.

The claimant therefore had its remedy by a bill in equity but failed to use the same.

Under the facts set forth in the complaint, and the settled law of this State, the payment to the Secretary of State by the claimant was not under duress or compulsion, but constituted a voluntary payment under the law, and the same cannot be recovered back.

The demurrer will therefore be sustained, and the case dismissed.