(No. 2266— ▮▮▮▮▮▮▮)

REICK, LANGENDORF AND COMPANY, A CORPORATION, *vs.* STATE OF

ILLINOIS, Respondent.

*Opinion filed November 9, 1937.*

SIMON T. SUTTON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant company was incorporated June 16, 1917 with a capital of Fifteen Thousand ($15,000.00) Dollars. According to the complaint its capital stock was increased on June 27, 1918 to Seventy-five Thousand ($75,000.00) Dollars. Claimant alleges that of the increased capital stock only one hundred fifty (150) additional shares were issued and that the remaining four hundred fifty (450) additional shares were not issued; that through inadvertence and under a mistake of law claimant, from May 12, 1927 up to and including the year 1932, paid its annual Franchise Tax yearly on the basis of Seventy-five Thousand ($75,000.00) Dollars instead of Thirty Thousand ($30,000.00) Dollars; that the first knowledge that claimant had of its alleged overpayment was in the month of March, 1933 when it was so informed by its attorney.

Claimant seeks a refund for the alleged overpayment of Twenty-two and 50/100 ($22.50) Dollars for each of the years 1927 to 1932 both inclusive, making a total of One Hundred Thirty-five ($135.00) Dollars.

The Attorney General has filed a motion to dismiss the claim, for the reason that under the law in force at the time of the increase in capital stock, all the capital stock was required to be subscribed before the issuance of a charter or the approval of an amendment to a charter, and that same became subject to the Franchise Tax under the terms of the Corporation Act of 1919; that such tax was properly assessed down to such time as the capital stock might have been re-

duced; that the declaration does not show any reduction in the outstanding capital stock as ever having been made, and that the claim should therefore be dismissed.

A report, dated November 29, 1933, from the Secretary of State's Office, appearing in the Respondent's Statement, contains the following:—

"It appears that the Company has never set up the contention until this year that all of the stock was not issued. Apparently these fees have been paid voluntarily each year, and accepted in good faith by the State."

"Where the amount of Franchise Tax is computed and collected by the Secretary of State in accordance with the law, based on information submitted by claimant, a claim for rebate of a part thereof alleged to have been excessive on account of error in information furnished by claimant will be denied."

Yates vs. Royal Ins. Co., 200 Ill. 202.
Standard Oil Co. vs. Bollinger, 337 Ill. 353.

Under the Corporation Act effective July 1, 1919, the entire capital stock of claimant, i. e. Seventy-five Thousand ($75,000.00) Dollars, became subject to a tax. There does not appear to have been any such thing as "authorized" stock under that law. It was all "issued" either actually or in legal effect.

The objections made by respondent to a further consideration of the claim are valid. It further appears from the declaration that the payments in question were made by claimant as a mistake of law. The decisions are numerous and well recognized that no award will be made upon such ground. The motion of the Attorney General is allowed and the claim dismissed.