(No. 3141—

SOCONY-VACUUM OIL COMPANY, INCORPORATED, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1939.*

WILSON & MCILVAINE, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant in this suit alleges that it paid license fees to the State of Illinois in an amount in excess of the amount required to be paid under the terms and provisions of the statute. These fees were paid to the Secretary of State's office, the automobile department, at 120 South Ashland Avenue, Chicago, Illinois, which was the agency authorized to receive such license fees.

Claimant further alleged that it owned and operated in Illinois, two 4-wheel trucks which come under the classification of second division vehicles under Section 2, Chapter 95½, 1937 Illinois Revised Statutes; that one of said trucks

weighs 23,810 pounds when fully loaded and the other weighs 23,360 pounds when fully loaded; that claimant erroneously believed that the trucks each weighed over 24,000 pounds when fully loaded, and paid to the State of Illinois, $250.00 each for truck license plates for these two vehicles, that being the sum required by law for 4-wheel vehicles weighing more than 24,000 pounds when fully loaded.

Claimant further alleged that sometime after these payments were made, it discovered that each of the trucks weighed less than 24,000 pounds when fully loaded; that it paid $500.00 for the license plates for both vehicles; that under Section 9, Chapter 95½ Illinois Revised Statutes, 1937, it should have paid $150.00 each, or a total of $300.00 for license plates for both trucks, because each weighed over 20,000 pounds when fully loaded but less than 24,000 pounds.

Claimant asks for an award against the State for $200.00, being the amount of the overpayment.

The Attorney General has made a motion to dismiss on the grounds that the claimant does not set forth a claim which the State of Illinois as a sovereign commonwealth should discharge and pay in that therein claimant seeks an award representing a refund of a portion of an automobile registration fee paid in 1937 without protest and correctly assessed on the basis of an application filed by claimant.

The facts averred in the complaint are taken as true and it appears that the claimant itself furnished all the facts to the Secretary of State upon which the license plates for these two vehicles were issued. The payments were not made under protest and the Secretary of State relied absolutely upon the information furnished by claimant.

In the Attorney General's brief, reliance is placed upon several cases heretofore decided by this court where it is held that where an illegal or excessive tax is imposed by reason of the negligence or inadvertence of the taxpayer, and thereafter paid by him, such payment is not made under a mistake of fact, and therefore cannot be recovered.

The claimant contends that the present case is not of the same nature as the cases relied upon by the Attorney General, but that the present case is based upon an entirely different principle, and that there is nothing in this case that would justify the assumption of the Attorney General that

the tax was paid with full knowledge of all the facts or that it was paid as a result of any negligence or inadvertence of the taxpayer.

In the case of *American Can Co.* vs. *Gill, County Collector,* 364 Ill. 254, the Supreme Court of this State in its opinion filed October 14, 1936 held that taxes voluntarily paid cannot be recovered or refunded unless the statute expressly authorizes such recovery or refunding. The Supreme Court also held in that case that even though it is admitted that a misplaced decimal point in the assessment books resulted in multiplication of the valuation by 100, the taxes resulting from such erroneous increase in valuation do not constitute double taxation within the meaning of Section 268 of the Revenue Act, and such excess taxes, voluntarily paid for three successive years before the error is discovered, cannot be recovered under said section.

It is conceded by the Attorney General that the amount paid by claimant for the license plates of the two vehicles in question, was in excess of the amount which claimant was required to pay under the law.

In *LeFevre* vs. *County of Lee,* 353 Ill. 30, the Supreme Court of this State again held that taxes paid voluntarily and not under duress cannot be recovered by the tax-payer even though the tax be illegal.

We have examined many authorities of this State, and this principle of law has always been applied, so far as we have been able to ascertain, by the Supreme Court, and we cannot, in a suit by a tax-payer seeking to recover funds wrongfully paid to an officer of the State, where he is acting within the scope of his authority, waive the rules of law established by the Supreme Court of this State. These payments were not made under duress and only upon the information furnished by the claimant.

In the case of *Standard Oil Co.* vs. *Bollinger, Director of Finance, et al.,* 348 Ill. 82, it was held that the mere filing, at times of payment, of protests against the legality of a tax is of no avail in an action to recover the tax paid where evidence of other conduct of the party so paying indicates a willingness to comply with the act imposing the tax and shows that the payment of the tax is voluntary, and the fact that the complainant believed that the penalties provided by the statute

in question, would be operative against it if the tax were not paid is not sufficient to show involuntary payment.

It is apparent that in this instance the claimant did that which it believed the law required of it, but this does not change the situation.

In the case of *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122, the rule is laid down that one who makes payment of a legal demand cannot be said to have made such payment involuntarily merely because he does so in the fear and belief that unless such payment is made he will be subjected to the penalties of a valid act, as the law presumes that every citizen freely and voluntarily discharges every duty which he believes it imposes upon him, and no person will be heard to say that he was coerced to do that which he believed the law required of him.

In the case before us there is not the slightest suggestion of coercion or duress.

In the case last cited it was held that in the absence of fraud, taxes voluntarily paid cannot be recovered even though they are illegal because laid under an invalid law, where there is no statute authorizing such recovery.

Claimant does not point out any statute authorizing a recovery and we are of the opinion that this case comes on principle within the decisions of the Supreme Court of Illinois herein referred to.

The motion of the Attorney General will, therefore, be sustained and cause dismissed.