## F. & F. LABORATORIES, Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6858.

Circuit Court of Appeals, Seventh Circuit.
May 25, 1939.

Alan J. Altheimer and Lester E. Slosburg, both of Chicago, Ill., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, F. E. Youngman, and J. Louis Monarch, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS, MAJOR and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

██ This is a petition to review a decision of the United States Processing Tax Board of Review in accordance with provisions of Title VII of the Revenue Act of 1936 (7 U.S.C.A. § 648). The involved matter is a claim for refund of the sum of $11,235 alleged to have been paid as a processing tax on beet sugar, under the Agricultural Adjustment Act of 1933, 48 Stat. 31 (7 U.S.C.A. §. 601 et seq.), for the period commencing August 1, 1934 and ending December 31, 1935. The claim was rejected by the Commissioner of Internal Revenue and was submitted to the Board of Review upon the Commissioner's motion to dismiss. The motion was granted and the petition dismissed by an order entered October 11, 1938. For the purposes of the motion to dismiss, all facts pleaded in the petition before the Board must be accepted as admitted.

The petitioner, an Illinois corporation, is, at the present time, and was, during the period from August 1, 1934 to December 31, 1935, engaged in the business of manufacturing and selling cough lozenges. In the manufacture of that product it used and consumed large quantities of beet sugar, purchased by it from the Holly Sugar Corporation of Colorado Springs, Colorado. During the above period, a processing tax imposed pursuant to Section 9 (a) of the Agricultural Adjustment Act, 48 Stat. 35, 7 U.S.C.A. § 609(a), was in effect with respect to the first domestic processing of sugar beets. With respect to such processing tax, the petition before the Board of Review alleges:

"That although the said Holly Sugar Corporation paid to the Treasury Department of the United States of America the processing taxes payable under the Agricultural Adjustment Act of the United States of America on the manufacture of the aforementioned beet sugar purchased by the petitioner from the Holly Sugar Corporation, nevertheless, the said Holly Sugar Corporation passed on the burden of said tax to the petitioner and petitioner bore the burden thereof.

"That during the period in which the processing taxes were payable under said Agricultural Adjustment Act, the purchase price of all beet sugar purchased by the petitioner from said Holly Sugar Corporation included the amount of the processing tax thereon, and all invoices received by the petitioner from the Holly Sugar Corporation, and paid by petitioner, included the amount of such processing tax either as a separate item described as such, or as a part of the invoice price charged to the petitioner.

"That petitioner has not received any refund in any amount whatsoever from said Holly Sugar Corporation of any part of the processing taxes paid by the petitioner to the Holly Sugar Corporation as above mentioned; the Holly Sugar Corporation has denied all liability to the petitioner for the refund of processing taxes paid by the petitioner to the Holly Sugar Corporation or any part thereof; and said Holly Sugar Corporation has not entered into any agreement whatsoever to refund to the petitioner such processing taxes paid by the petitioner or any part thereof.

"That during the period commencing August 1, 1934 and ending December 31, 1935, the petitioner paid to the Holly Sugar Corporation by way of processing taxes passed on to the petitioner by the Holly Sugar Corporation, the sum of Eleven Thousand Two Hundred and Thirty-five Dollars ($11,235.00), and the petitioner bore the full burden of said amount and did not pass on to its vendees any part thereof."

No claim for refund was made by the Holly Sugar Corporation.

The Agricultural Adjustment Act was held unconstitutional by the Supreme Court in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, decided January 6, 1936, and thereafter, there was enacted the Revenue Act of 1936 entitled "Title VII—Refunds Of Amounts Collected Under The Agricultural Adjustment Act." Petitioner relies upon this Act as giving it the right to a refund as asserted and also as giving the United States Processing Tax Board of Review jurisdiction to entertain its petition for refund. Section 902 of the Act, 7 U.S.C.A. § 644, provides that no refund shall be made or allowed in pursuance of court decision or otherwise "of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act [this chapter], unless the claimant establishes to the satisfaction of the Commissioner" that he bore the burden of such amount and has not been relieved thereof, or reimbursed therefor, or shifted such burden to others. Section 903, 7 U.S.C.A. § 645, relates to

the filing of claims and inasmuch as the issue presented depends largely upon the construction to be given this section, we set it forth.[1]

Subsection (b) of Section 906, 7 U.S. C.A. § 648 (b), provides that the Board of Review "shall have jurisdiction in proceedings under this section to review the allowance or disallowance of the Commissioner of a claim for refund, and to determine the amount of refund due any claimant with respect to such claim." Other provisions of the Act do not seem material except as they may afford light upon the construction to be adopted, and for that purpose, will hereafter be referred to.

■ The question presented is whether the United States Processing Tax Board of Review erred in dismissing the petition for want of jurisdiction. The solution of this question is dependent upon whether or not petitioner is within the terms of the Act so as to be entitled to the refund. Petitioner admits that the tax was paid to the United States Government by the Holly Sugar Corporation, but contends the tax was passed on to it and having not passed it on to its customers, it, as the one who bore the burden, is the real party in interest and, therefore, entitled to the refund. Respondent disputes this contention and claims that inasmuch as petitioner did not pay the processing tax directly to the Government, it was not entitled to a refund.

Petitioner, in support of its position, points out that the Act in question, in describing who may recover under its provisions, refers to the "claimant" rather than the "taxpayer," and it is argued from this that it was the intention of Congress to provide a refund for the one who bore the burden of the processing tax irrespective of whether it was the processor who paid the tax directly to the Government or whether it was the vendee of the processor who paid an increased price for the processed commodity, and in this manner sustained the burden of the tax. Stress is laid upon the language of Section 903 relating to the filing of claims, which states that "No refund shall be made or allowed of any amount paid by or collected from any person as tax under the Agricultural Adjustment Act [this chapter]. * * *" It is argued that the use of the word "or" distinguishes taxes "paid by" persons and those "collected from" persons. Thus it is contended two classes of claimants were intended—the words "paid by" being employed to designate a claimant such as petitioner who paid the taxes not directly to the Government, but indirectly in the increased price which was paid for the processed commodity, while the words "collected from" were intended to designate as claimant the processor who paid the tax directly to the Government. We are of the opinion that the Act is not susceptible of such a construction. The precise question, so far as we are aware, has not been determined in a case where it was directly in issue. In Anniston Mfg. Co. v. Davis, 301 U.S. 337, 350, 57 S.Ct. 816, 822, 81 L.Ed. 1143, however, the court said:

"The circumstance that under title VII, here involved, there is no provision for making a refund to particular persons, to whom the burden of the invalid exaction may be found to have been shifted, presents no sound distinction so far as the claimant is concerned."

It is said this statement of the court is obiter dictum. Even if it be such, the opinion discloses that the court was considering the various sections of the Act and the statement carries weight.

■ The Act must be construed in the light of the circumstances existing at the time of its enactment. Clearly, its purpose was to make provision for a refund of processing tax illegally collected by reason of

---

[1] "No refund shall be made or allowed of any amount paid by or collected from any person as tax under the Agricultural Adjustment Act [this chapter] unless, after the enactment of this Act [June 22, 1936], and prior to July 1, 1937, a claim for refund has been filed by such person in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. All evidence relied upon in support of such claim shall be clearly set forth under oath. The Commissioner is authorized to prescribe by regulations, with the approval of the Secretary, the number of claims which may be filed by any person with respect to the total amount paid by or collected from such person as tax under the Agricultural Adjustment Act [this chapter], and such regulations may require that claims for refund of processing taxes with respect to any commodity or group of commodities shall cover the entire period during which such person paid such processing taxes."

the unconstitutional Agricultural Adjustment Act. The tax had been exacted from the processor alone, and had Congress intended to make provision for a refund of such tax to a person other than the one from whom it had been collected, it would have so expressed itself. The vendee of the processor, such as the petitioner here, was not liable to the Government for the tax imposed—in fact, it was a total stranger in the matter.

The language "paid by or collected from any person as tax under the Agricultural Adjustment Act [this chapter]" must be construed to read and mean: Paid to the Collector of Internal Revenue by such person as tax, or collected by the Collector of Internal Revenue from such person as tax. Petitioner is not included in either classification. Many of the provisions of Title VII are inconsistent with the idea that a refund to one other than the taxpayer was intended. Section 902 provides that no refund shall be made of any amount paid by or collected from any claimant "as tax" unless he establish the facts required by subsection (a) or (b). A part of the proof required by subsection (a) is that the claimant has not shifted the burden of the tax through inclusion of the amount thereof in the price of "any article with respect to which a tax was imposed," or in the price of "any article processed from any commodity with respect to which a tax was imposed." This requirement clearly relates to proof to be made by the taxpayer.

The provisions of Section 907, 7 U.S.C.A. § 649, relating to presumptions and proof deal with the margin of processed commodities subject to the processing tax. This section also clearly relates to proof by a processor who has paid the processing tax and not to a vendee to whom the burden was shifted.

The following clause is significant:

"The 'tax period' shall mean the period with respect to which the claimant actually paid the processing tax to a collector of internal revenue and shall end on the date with respect to which the last payment was made."

This language seems wholly inconsistent with the theory that a refund was intended for a "claimant" other than one who had "actually paid the processing tax." It seems unnecessary to refer to other language found in the Act inconsistent with the construction sought by petitioner.

Petitioner relies strongly upon United States v. Jefferson Electric Manufacturing Company, 291 U.S. 386, 54 S.Ct. 443, 78 L. Ed. 859, in support of its position. There the court was considering an Act of Congress, making provision for a refund of taxes illegally exacted, and held, in effect, that the right of refund might be limited to the one who had not shifted the tax to its vendee, but had itself borne the burden. That is precisely, in our opinion, what Congress intended to do by the Act under consideration. It does not follow from this, however, that some other person, even though the burden was shifted to him, is entitled to a refund where he was under no obligation to pay the tax to the Government and, as a matter of fact, did not do so.

The case of Standard Oil Company v. Bollinger, 337 Ill. 353, 169 N.E. 236, also relied upon by petitioner, is distinguishable for a similar reason. There the Standard Oil Company, as a distributor of motor fuel, after the law imposing a tax on such fuel had been held unconstitutional, sought to recover from the state the tax voluntarily paid. Recovery was denied inasmuch as the tax had been collected from its customers. In other words, the burden had not been borne by the taxpayer. The pronouncement of the court recognized the same principle as that recognized by Congress in the Act in question, in that, provision was made for a refund to the taxpayer who had not shifted the burden.

Neither is there any merit in the argument that the processor was acting in the capacity of agent in collecting the tax from the petitioner and paying it to the Government. Whatever relation might have existed between the petitioner and the Holly Sugar Corporation, with rights created thereby, is here of no consequence. The thing of controlling importance is that no processing tax was paid by the petitioner to the Government or collected by the Government from the petitioner and that by the terms of the Act in question, no claim for refund was provided.

Petitioner argues that if the term "claimant" does not include a purchaser who bore the tax burden, as well as the processor who bore the burden, it violates the Fifth Amendment to the Constitution, U.S.C.A. It is urged that there is no difference between a processor who bore the tax burden and a vendee of the processor who bore the burden. We are aware

of no authority which supports this contention. We see no reason why Congress must provide for a refund to one who was not obligated to pay the tax and who, as a matter of fact, did not do so in order to provide a refund for the one upon whom the tax was assessed and from whom it was collected.

We conclude that the action of the Processing Tax Board of Review in dismissing the petition for lack of jurisdiction was proper and its decision is affirmed.