## OSWALD JAEGER BAKING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6836.

Circuit Court of Appeals, Seventh Circuit.

Dec. 7, 1939.

Maurice A. McCabe, of Milwaukee, Wis., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

In 1937 the Oswald Jaeger Baking Company (petitioner) filed a refund claim for sums alleged to have been paid as processing taxes under the Agricultural Adjustment Act, 48 Stat. 31, 35, 40, §§ 9, 16, 7 U.S.C.A. §§ 609, 616. In 1938 the Commissioner of Internal Revenue rejected the claim on the ground that petitioner was not the taxpayer. Petitioner then sought review of the disallowance in the United States Processing Tax Board of Review, the Commissioner moved to dismiss the petition, and the Board granted the motion. Title VII of the Revenue Act of 1936, Secs. 901–917, 49 Stat. 1747, 7 U.S.C.A. §§ 644–659. The case is now before us on petition to review the decision of the Board. 7 U.S.C. § 648, 7 U.S.C.A. § 648.

The facts, shown in the pleadings and exhibits attached thereto and admitted by the motion to dismiss, are as follows. Petitioner was not a processor, but its baking activities required many purchases of flour, corn and hog products, and sugar from various millers, packers and manufacturers (the processors). According to the purchase contracts the wheat, corn, hog and sugar beet taxes (the processing taxes) were included in the price paid for the processed products.

In other words, in this case the taxing statute made the processor liable for processing taxes. The processor paid the tax. He then passed the burden of the tax on to his vendee by contract. The vendee, however, did not shift the burden but instead absorbed it. On January 6, 1936 the Supreme Court declared the taxing stat-

ute invalid. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A. L.R. 914. Congress then provided for a refund "of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act" if the claimant could show that he bore the burden of such amount. Title VII, supra, Sec. 902, 7 U.S.C.A. § 644.

On our record the processor can not recover the amounts paid as processing taxes, for he passed on the incidence thereof. So his vendee, bearer of the tax burden, seeks the refund in his place. As expressed in the words of counsel for petitioner, the theory of recovery advanced states that "the real party in interest is the Petitioner. It bought the flour; it paid for the flour; it paid the processing tax on the wheat from which the flour was milled; and, it, and it alone, has suffered from the imposition of the processing taxes. * * * Regardless of whether the petitioner paid these taxes. * * through the instrumentality of the flour milling companies, * * *· the fact is that the Petitioner is * * * the only sufferer if it is denied the return of the taxes so paid by it."

The claim for refund involved processing taxes amounting to $103,333.92. These taxes pertained to a period of time between July 9, 1933 (the effective date of the taxing statute), and January 6, 1936 (the date the statute was invalidated). According to the purchase contracts between the various processors and petitioner, the vendee (petitioner) promised to put the processor in funds for the payment of the processing taxes in addition to the stated contract price, and so the vendee did.

Of the sum of $103,333.92, the amount of $81,359.49 was paid with respect to the purchase of processed products under contracts made and executed during the taxing period in question (hereafter these contracts are referred to as the "new contracts"). On the other hand, the amount of $21,974.43 was paid with respect to the purchase of flour under contracts made prior to July 9, 1933 but executed thereafter (hereafter these contracts are referred to as "old contracts").

The invoices relating to the new contracts provided for one quoted price, and this price included the contract price and the amount of the processing tax. The invoices relating to the old contracts show-

ed that the vendee was billed separately for the amount of the tax. Under the terms of the contracts, old and new, the amount of the tax was added to the contract price, and petitioner paid a sum equivalent to the contract price and the tax amount.

In connection with the old contracts, it is necessary to study Section 18 of the taxing statute. 7 U.S.C. § 618, 7 U.S.C.A. § 618, 48 Stat. 41. Section 18(a) provides that if an old contract "does not permit the addition" of the tax to the contract price, "the vendee shall pay so much of the tax as is not permitted to be added to the contract price." Section 18(b) provides that "taxes payable by the vendee shall be paid to the vendor," who shall pay the United States. With this exception, the taxing statute makes the processor liable for the tax, and expressly states that the processor shall pay the tax. 7 U.S.C. § 609, 7 U.S.C.A. § 609.

In this case the old contracts not only permitted the addition of the tax to the contract price; the old contracts required the addition of the tax thereto, and the amount of $21,974.43 was added and consequently paid as part of the purchase price. Therefore, Section 18 supra was not operative and hence the amount of $21,974.-43 was not paid by the petitioner as "taxes payable by the vendee." The amount of $21,974.43 was paid by the petitioner, just as the amount of $81,359.49 was paid, as part of the cost of the processed goods purchased.

And so we come to the real question in this case. The taxing statute makes the processor liable for the processing taxes. The vendee of the processor bears the burden of the tax. The taxing statute is consequently declared invalid. Is the vendee entitled to the refund? Petitioner advances the contention, fully expressed earlier in this opinion, that he is entitled to recover the tax money according to what is just and good.

It is elementary that the sovereign may not be sued except upon its consent, and then only upon the conditions under which it has consented to be sued. The sovereign consented here, but prescribed certain conditions. Title VII of the Revenue Act of 1936, Sec. 902, 7 U.S. C. § 644, 7 U.S.C.A. § 644. The refund statute makes no provision for making a refund to particular persons to whom the

burden of the invalid exaction may be found to have been shifted. F. & F. Laboratories, Inc. v. Commissioner, 7 Cir., 104 F.2d 563; Anniston Mfg. Co. v. Davis, 301 U.S. 337, 350, 57 S.Ct. 816, 81 L.Ed. 1143.

In the Laboratories case, wherein we discussed fully the refund statute in question, we held that the statute restricted refunds to persons who had been liable for and had paid directly to the United States amounts imposed as tax under the Agricultural Adjustment Act. The vendee of the processor in the instant case, that is, the petitioner, is not recognized by the refunding statute, and as to it the sovereign has not consented to suit.

The record in this case clearly shows that petitioner did not pay any amount to the United States as processing tax under the taxing statute. At most, the amounts paid by petitioner represented only increased amounts which it was required by contract, not by the taxing statute, to pay. Furthermore, the amounts were paid by petitioner to obtain goods from the processor, not to satisfy any obligation which it owed the United States.

We conclude, therefore, that petitioner's contentions lack merit, and consequently the decision of the United States Processing Tax Board of Review is affirmed.

Affirmed.