## ZINSMASTER BAKING CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 444, Original.

Circuit Court of Appeals, Eighth Circuit.
Feb. 23, 1940.

R. H. Fryberger, of Minneapolis, Minn., for petitioner.

Robert N. Anderson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER and WOODROUGH, Circuit Judges, and MOORE, District Judge.

WOODROUGH, Circuit Judge.

This is a petition to review a decision of the United States Processing Tax Board of Review which dismissed for want of jurisdiction a petition for the refund of alleged payments of processing taxes.

The petitioner is a Minnesota corporation engaged in the business of manufacturing bread and cakes and the like from flour processed from wheat, rye and other farm products, and prior to the effective date of the Agricultural Adjustment Act, c. 25, 48 Stat. 31, Tit. 7, U.S.C., §§ 601–659, 7 U.S.C.A. § 601 et seq., it entered into contracts with certain processors of wheat for future deliveries of flour to be paid for on delivery. After the Act became effective and between July 10, 1933, and February 12, 1934, 9,375 barrels of flour were delivered under the contracts from time to time. In some of the contracts it was provided that if any taxes, charges or impositions should be imposed by the United States on the processing of the grain products covered by the contracts, the buyer agreed that equivalent amounts should be added to the prices and paid by the buyer to the seller; in others the prices named in the contracts were stated to be exclusive of any tax charge or imposition then or thereafter levied or imposed by the United States on the processing of the grain from which the products were produced, the amount of which was to be added to the prices named and paid by the buyer to the seller. Others of the contracts were silent on the subject.

As deliveries were made after the Act took effect, invoices at the contract price were rendered for the amount of flour delivered and the processors added the amount of the processing tax upon the invoices by special notation. The petitioner paid the contract price, plus the processing taxes so separately noted, to the processors, who in turn remitted the amounts equalling the processing taxes to the Collector of Internal Revenue.

In all of the products which petitioner manufactures, flour is a primary and necessary part, and petitioner's business would entirely cease in the event of its failure to procure flour, so that it was obliged to pay the amounts of the processing taxes in order to save its business. The petitioner absorbed the entire amount which was added as processing tax to the contract price of the 9,375 barrels of flour referred to.

After the Supreme Court had declared the taxing provisions of the Agricultural Adjustment Act to be unconstitutional (United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, January 6, 1936), petitioner presented a claim for refund of its alleged payments of processing taxes before the Commissioner of Internal Revenue. The claim was rejected on the ground that the amount involved in the claim represented an amount equal to the processing tax included in the price paid by petitioner to its vendors, and that the payment by vendee to a vendor of an increased amount which may be attributed to the processing tax does not constitute payment to the United States. The Commissioner's letter of rejection stated that since the petitioner had not paid the tax for which it claimed refund, the Commissioner was without authority to give consideration to the allowance of the claim.

In September 1938 the petitioner presented its petition to the United States Processing Tax Board of Review, alleging that the Commissioner had based disallowance of the claim for refund on erroneous grounds and praying the Board to grant a hearing upon the claim for refund and allow the refund to the petitioner. After the petition to the Board had been amended, the Commissioner presented a motion to dismiss on the grounds that the Board was without jurisdiction to entertain the proceeding, because it affirmatively appeared from the petition and amended petition that petitioner's alleged payments had been made to third parties who were the sole first domestic processors, and because petitioner had not shown compliance with the requirements of the law and regulations prescribing procedure for recovery of the claimed refund. The Board granted the motion and dismissed the petition for want of jurisdiction, stating as the grounds of its action that it appeared "from the petition that the disallowance of the respondent sought to be reviewed was of a claim for refund of amounts allegedly paid to third parties pursuant to purchase contracts which did not permit the addition of the tax to the price thereunder, as provided in Section 18 of the Agricultural Adjustment Act [7 U.S.C.A. § 618], also under contracts which did so permit, and that such third parties were the sole first domestic processors and that no amount was paid by or collected from the petitioner as processing tax under said Act as defined in Title VII of the Revenue Act of·1936 [7 U.S.C.A. § 644 et seq.]". Two members dissented.

In support of its petition for review in this court, the petitioner presents twenty five points for argument relied upon to sustain recovery of the claimed refund, and we have given careful consideration to each of them. But we think the substantial questions raised by this record are all comprehended within the general question broadly stated by the Circuit Court of Appeals of the Seventh Circuit in the analogous case of Oswald Jaeger Baking Company v. Commissioner, 108 F.2d 375, 376, decided December 7, 1939, as follows: "The taxing statute makes the processor liable for the processing taxes. The vendee of the processor bears the burden of the tax. The taxing statute is consequently declared invalid. Is the vendee entitled to the refund?"

In two opinions in the Seventh Circuit (F. & F. Laboratories, Inc., v. Commissioner, 104 F.2d 563, and Oswald Jaeger Baking Company v. Commissioner, supra), that court has fully discussed the several provisions of the statutes which control determination of the question and has concluded that the refund statutes applicable here restricted refunds to persons who had been liable for and had paid directly to the United States amounts imposed as tax under the Agricultural Adjustment Act. On tracing through the relevant statutory provisions, we have reached the same conclusion as to their true intendment and effect, and we express our accord with the opinions in the Seventh Circuit in the two cases.

In the first case (F. & F. Laboratories v. Commissioner), it does not appear that any

of the contracts for delivery of the processed products were entered into by the claimant for refund before the effective date of the Agricultural Adjustment Act. In the present case all the contracts involved were entered into before the effective date and the deliveries were made after that date. But so far as the right to refund is concerned, the same considerations are applicable in both situations.

In the second case (Oswald Jaeger Baking Company v. Commissioner), it appeared that some of the contracts for delivery of the processed products had been entered into before the effective date of the Act and some during the period when the Act was in effect. The court designated them "old" and "new" contracts, respectively, and discussed them separately. It determined that there was no right of refund of the amounts paid by the vendee upon either the old or the new contracts.

It also appeared that all of the contracts exhibited in that case contained provisions under which the purchaser agreed to pay processing tax in addition to the quoted price. As has been stated, there were in this case some contracts for the purchase of flour which were silent on the subject of the payment of processing taxes. But the petition which was before the Board in this case disclosed that the vendors in all of the contracts had added the amount of the processing taxes separately by special notation upon the several invoices and had received the amounts from the petitioner in the same manner upon each of the contracts here involved. The fact that the payments of the amounts separately and specially noted as processing taxes were so made by petitioner to its vendors precludes attaching any importance to the omission from the contracts of any express promise to pay the processing taxes. The payments made by petitioner under the contracts which contained no promise to pay the processing taxes can not be distinguished so far as the right to refund is concerned, from the payments under the contracts which expressly obligated it to pay them. None was a payment of tax to the government in respect to which the Board was given jurisdiction to hear petition for refund. The legislative intent drawn from consideration of the statutory provisions in the Seventh Circuit cases are applicable to all.

The case of Stahmann v. Vidal, 305 U. S. 61, 59 S.Ct. 41, 83 L.Ed. 41, is strongly relied on by the petitioner here and as it was not discussed in the opinions of the Court of the Seventh Circuit, we observe that we think the case is clearly distinguishable on its facts. In that case the petitioner for refund was the owner of cotton which it had procured to be ginned (processed) for a fee agreed upon. In order to get its ginned cotton back from the ginner, it was obliged to and did pay the processing tax, for which it sought refund, to the tax collector. The Supreme Court held that in so doing it was discharging a liability which was imposed upon it by law and that it had standing to maintain action against the Collector for refund. In this case, the petitioner paid to its vendor amounts which it agreed to pay in its purchase contracts or amounts which the vendor required it to pay to complete the purchase agreements. It paid no tax to the government. The Board rightly refused to exercise jurisdiction not conferred upon it by the law.

The points argued for respondent attacking the procedure followed by petitioner need not be passed upon.

Affirmed.