## UNITED STATES *v.* COWDEN MANUFACTURING CO.

No. 188.   Argued December 20, 1940.—Decided January 13, 1941.

*Mr. Andrew D. Sharpe,* with whom *Solicitor General Biddle, Assistant Attorney General Clark,* and *Mr. J. Louis Monarch* were on the brief, for the United States.

*Mr. Phil D. Morelock* for respondent.

MR. JUSTICE MURPHY delivered the opinion of the Court.

Respondent seeks reimbursement from the United States of the amounts paid to processors to compensate them for processing taxes paid on cotton goods sold to respondent.  The suit is based on a contract between respondent and the United States, rather than on Title

VII of the Revenue Act of 1936 (49 Stat. 1648, 1747), which authorizes refunds to processors, under certain circumstances, of processing taxes illegally collected under the Agricultural Adjustment Act (48 Stat. 31). The question is whether the "federal taxes" clause of the contract obligates the United States to make the reimbursement.

Prior to June 6, 1933, the War Department called for bids on a contract to furnish a certain kind of mechanic's suit. On June 6, 1933, respondent submitted its bid, and on June 24, 1933, executed a contract with the United States whereby respondent agreed to furnish a specified number of the suits at a stated price. The contract provided, in the "federal taxes" clause, that: "Prices set forth herein include any Federal Tax heretofore imposed by the Congress which is applicable to the material purchased under this contract. If any sales tax, processing tax, adjustment charge, or other taxes or charges are imposed or changed by the Congress after the date set for the opening of the bid upon which this contract is based and made applicable directly upon the production, manufacture, or sale of the supplies covered by this contract and are paid by the contractor on the articles or supplies herein contracted for, then the prices named in this contract will be increased or decreased accordingly. . . ."

To perform its contract with the United States, respondent contracted to purchase cotton cloth, thread, and labels from subcontractors who were liable, as processors, to pay any processing taxes levied on the articles sold to respondent. At the time these contracts were made no taxes were in effect on the processing of cotton, but in anticipation of such taxes respondent and the subcontractors agreed that respondent would reimburse them for any taxes they were required to pay on the processing of goods sold to respondent, the taxes to be billed as a sepa-

rate item. Thereafter, respondent received the goods covered by these contracts and compensated the subcontractors for the taxes they were later required to pay on the processing of the cotton. It has performed its contract with the United States and now claims that the quoted provision obligates the United States to pay respondent the amounts it has paid its subcontractors to compensate them for the processing taxes they have paid. Because the Comptroller General rejected its claim, respondent brought this suit in the Court of Claims and obtained judgment. 91 Ct. Cls. 75; 32 F. Supp. 141. We granted certiorari on October 14, 1940, to resolve the uncertainty as to the correct construction of the "federal taxes" clause which appears in a large number of government contracts.

The only question is whether the United States, in the "federal taxes" clause, has agreed to pay respondent the amount respondent paid its subcontractors to reimburse them for taxes paid on the processing of the goods sold to respondent. We hold that it has not.

We are of opinion that the "federal taxes" clause does not obligate the United States to reimburse its contractor for taxes which the latter has borne merely as a matter of contract with its subcontractors. On the contrary, the fair import of the clause is that the United States must make reimbursement only for such taxes as the contractor has paid pursuant to an obligation imposed upon him by the statute which exacts the tax.

The language of the clause is precise. It provides only for reimbursement of those taxes which are "made applicable directly upon the production, manufacture, or sale of the supplies covered by this contract." The supplies "covered by this contract" are the mechanics' suits, the completed articles furnished to the United States. Since the clause further provides in exact language that the tax must be "directly" applicable, we cannot agree that a tax on the cloth, thread, and labels is a tax on the

"supplies covered by this contract." Compare *Telescope Folding Furniture Co.* v. *United States,* 31 F. Supp. 780, 784; *United States* v. *Glenn L. Martin Co.,* 308 U. S. 62.

Moreover, the clause stipulates for reimbursement of taxes "paid by the contractor." It is reasonable to conclude that this phrase also contemplates payment of taxes to the United States in consequence of an obligation imposed by statute upon respondent. For while in a sense, perhaps, respondent "paid" these processing taxes, it is more accurate to say that they were "paid" by the subcontractors who merely shifted their burden to respondent as a separate item of the contract price. The clause as a whole indicates that this was the sense to be attributed to the phrase quoted.

A contrary construction of the "federal taxes" clause introduces difficulties not contemplated by the parties. It would force them to trace the taxes back to the one upon whom the obligation first rested, whether the subsequent transactions were simple or complex. For if it could be said in this case that the processing taxes were imposed on the supplies covered by the contract and were paid by the contractor, it would be immaterial how far the contractor were removed from the original processor if the former could show that the burden of the tax had been shifted as the processed articles had changed hands and perhaps form. We can find nothing which suggests that the parties intended to draft a clause that would operate in such fashion.

We conclude that the quoted clause does not obligate the United States to compensate respondent for taxes which were paid by its subcontractors and were merely shifted to respondent pursuant to their subcontract. The judgment of the Court of Claims is reversed and the cause is remanded with directions to dismiss the petition.

*Reversed.*