## ALEXANDER SMITH & SONS CARPET CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 96.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1941.

Robert H. Montgomery, of New York City (James O. Wynn, of New York City, J. Marvin Haynes, of Washington, D. C., and George G. Blattmachr, of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This petition brings up for consideration the jurisdiction of the United States Processing Tax Board of Review over claims for refunds of payments made by one who paid to a processor the amount of the processing taxes payable by the processor under the provisions of the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq., on materials purchased from the processor under a contract which permitted the seller to add the amount of such taxes to the contract price.

The petitioner had a contract, made before the Agricultural Adjustment Act was passed, for the purchase at a stated price of materials needed in its business. That price did not, of course, include any processing taxes. When the Agricultural Adjustment Act became effective the seller could, and did, add to the contract price the amount of the processing tax on the materials and the petitioner to get the materials was obliged to, and did, pay to the seller the amounts so added. Petitioner, after the Agricultural Adjustment Act was held invalid, duly filed a claim with the Commissioner of Internal Revenue for the amounts so paid. The claim was rejected and petitioner brought its petition to the United States Processing Tax Board of Review which dismissed it for want of jurisdiction.

. [1, 2] The petitioner is one of those who in fact bore the economic burden of taxes assessed and collected under a statute later held invalid but for whom Congress did not see fit to grant relief. If equities could be given effect, it would be in a strong position. But the settled law is that the government may be required to refund amounts illegally collected as taxes only after Congress has provided for such refunds and then only after there has been a compliance with such terms and conditions as Congress has placed thereon. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859. Unless there is an enabling statute, the government cannot be sued at all. United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598. And if there is one even the formal conditions attached to the right must be fulfilled. Rock Island, etc., R. R. Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188. Such compliance is jurisdictional. United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 106 A.L.R. 209.

When Congress passed the refund statute upon which the petitioner relies, Title VII § 906, of the Revenue Act of 1936, 7 U.S.C.A. § 648, it confined the right to claim refunds to that part of the amounts paid as taxes by claimants the economic burden of which had been borne by them. We may assume for present purposes that the petitioner can show that it did bear the burden of payments it seeks to recover by way of a refund but it seems clear that it did so only as part of the contract price it was required by the seller to pay and not

976

because it was by statute required to pay as taxes the amounts now claimed.

Congress provided only for the refund of processing taxes to those upon whom the statute placed the duty to pay them and who had paid accordingly. F. & F. Laboratories v. Commissioner, 7 Cir., 104 F.2d 563; Oswald Jaeger Baking Co. v. Commissioner, 7 Cir., 108 F.2d 375. Compulsion due to the exigencies of business no doubt was responsible for the petitioner's paying the seller's invoices which included the processing taxes payable by the seller under the statute but that did not make the petitioner a claimant who has paid as taxes the amounts it seeks to have refunded. Consequently the United States Processing Tax Board of Review had no jurisdiction. Zinsmaster Baking Co. v. Commissioner of Internal Revenue, 8 Cir., 109 F.2d 738; Fuhrman & Forster Co. v. Commissioner, 7 Cir., 114 F.2d 863. Compare, New Consumers Bread Co. v. Commissioner, 3 Cir., 115 F.2d 162.

It is true that in Sec. 18 of the Act a vendee under a contract made before the date the tax was imposed was required to pay so much of the processing tax "as is not permitted to be added to the contract price" but obviously that provision did not put upon this petitioner any statutory liability to pay taxes which the seller could and did add to the contract price.

This case cannot be distinguished from these above cited wherein similar petitions were held not to be within the jurisdiction of the Board.

Affirmed.