## LINDNER PACKING & PROVISION CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2211.

Circuit Court of Appeals, Tenth Circuit.

March 14, 1941.

Rehearing Denied April 16, 1941.

George T. Evans, of Denver, Colo. (Irving Lindner, of Denver, Colo., on the brief), for petitioner.

F. E. Youngman, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is a petition to review a decision of the United States Processing Tax Board of Review, pursuant to Sec. 906(g), Title VII of the Revenue Act of 1936, 7 U.S.C. A. § 648(g). The Board dismissed the petitioner's claim for refund of taxes illegally assessed and collected under Sec. 9 of the Agricultural Adjustment Act, 7 U.S.

C.A. § 609(a), on the grounds that the Board did not have jurisdiction to entertain the proceedings, because the petitioner was not the first processor as defined in Title VII of the Revenue Act of 1936, and second, because the taxes were not paid by or collected from the petitioner as a processing tax under the Agricultural Adjustment Act as defined in Title VII of the Revenue Act of 1936.

The tax in question was a processing tax, imposed under Sec. 9 of the Agricultural Adjustment Act, supra. The petitioner is a Colorado corporation, with its principal place of business in Denver in that state. At all times material here, the petitioner was the owner of hogs which were slaughtered by Armour & Company at its place of business, and for which it charged the petitioner a stipulated fee. After the hogs were slaughtered, the carcasses were returned to the petitioner's place of business and prepared for market and sold by it in the ordinary course of business. Apparently the petitioner did not have facilities for slaughtering the hogs, and, therefore, employed Armour & Company to slaughter the hogs after it had purchased the same, and delivered them to Armour & Company for that purpose.

It is conceded that the title to the hogs remained in the petitioner at all times and the only interest Armour & Company ever had in the hogs in question was the fee which they charged for slaughtering the same. The Agricultural Adjustment Act imposed the processing tax on the one who performed the act of slaughtering, and looked to the processor solely and exclusively for the tax. Because of this requirement of the act, Armour & Company billed the petitioner each month for the amount of the processing tax required to be paid under the act, and the petitioner remitted to Armour & Company, by separate check or separate payment on a separate invoice, the amount of the processing tax, which was by Armour & Company remitted to the collector. This tax was paid by the petitioner to Armour & Company with the express understanding that if the tax were held to be invalid, Armour & Company would refund to the petitioner so much of the tax as Armour & Company might recover from the United States by reason of the wrongful assessment or collection thereof.

The Agricultural Adjustment Act, or that portion which levied the tax, was de-clared unconstitutional by the Supreme Court in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, decided January 6, 1936. Thereafter, the Congress enacted the Revenue Act of 1936, 7 U.S.C.A. § 648(b), which included Title VII and which authorized refunds under conditions and limitations contained therein. The Processing Tax Board of Review was given exclusive jurisdiction to review the Commissioner's disallowance of claims for refunds of payments made as "processing tax" with right of review to this court. Thereafter, the petitioner filed its timely claim and amended claim for refund in the sum of $166,729.50, under the Revenue Act, supra.

The sole question presented for our consideration is whether or not the petitioner is entitled to maintain these proceedings before the Board, under the provisions of the Revenue Act of 1936, which authorizes refund of the illegal tax, and involves a construction of Sec. 906 of the Revenue Act of 1936, supra.

It must be conceded that the tax, the refund of which is sought, was paid by the petitioner to Armour & Company, and by Armour & Company remitted to the government; that Armour & Company had no interest in the tax imposed, except to comply with its statutory obligation to collect and remit the same, and that it bore none of the burdens of the tax; and that Armour & Company had made no claim for refund of the tax. Under the pleadings which constitute the facts before us, the petitioner has not passed this burden, and the tax has not been absorbed by the petitioner's vendees.

The statute granting a refund, like many other statutes, is a condition of legislative grace, except here we are dealing with a tax which was levied and collected in pursuance of an unconstitutional exercise of the taxing authority. The purpose of the statute authorizing the refund was to return to the taxpayer that which had been unlawfully exacted. In authorizing the refund, Congress was careful to provide that such refund would be made only to those who had borne the burden by the payment of the tax without recourse. Unconditional liability for, and actual payment of the tax, were very properly made the conditions for refund. This is clearly the legislative intent manifest in the Revenue Act of 1936.

It is important to consider whether or not the subject matter of the tax was one in relation to which the petitioner stood as a taxpayer. It must be conceded that in a technical sense, as urged by the respondent, the petitioner was not a first processor for purposes of collection of the tax. This is manifest by the admitted fact that it was not required to remit the tax to the government. For collection purposes, it was prudent that the collector would not be required to look behind one who performed the physical operation in respect to which the tax was levied. This policy is inherent in most all statutes which levy and collect excise taxes and is designed to fix the liability and expedite the collection of the same.

■ The tax was imposed by statute. The tax was imposed upon the first processor (Armour & Company here). Armour & Company shifted the burden of the tax to the petitioner by an agreement over which the government exercised no control and in which it had no interest except insofar as it might be pertinent to determine whether or not Armour & Company did bear the burden of the tax, which is immaterial, absent claim by Armour & Company for the tax remitted. United States v. Cowden Mfg. Co., 61 S.Ct. 411, 413, 85 L.Ed. ——, decided by the Supreme Court of the United States, January 13, 1941.

In the case, supra, Justice Murphy, speaking for the Supreme Court, stated: "For while in a sense, perhaps, respondent 'paid' these processing taxes, it is more accurate to say that they were 'paid' by the subcontractors who merely shifted their burden to respondent as a separate item of the contract price [contract between contractor and subcontractor]."

■ The plain intent and purpose of the statute was not only to confine the right to refund to those who bore the burden of the payment of the processing taxes wrongfully exacted, and to deny such right to all others (Southwestern Serum Co. v. Commissioner, 10 Cir., 108 F.2d 843), but to confine the right of refund to those on whom the statute placed the burden of paying the tax. The petitioner here was not the first processor within the meaning of the statute; was not required to pay the tax; indeed, the government refused to accept the tax from petitioner. F. & F. Laboratories v. Commissioner, 7 Cir., 104 F.2d 563, and Oswald Jaeger Baking Co. v. Commissioner, 7 Cir., 108 F.2d 375, certiorari denied, 309 U.S. 683, 60 S.Ct. 723, 84 L.Ed. 1027.

"The thing of controlling importance is that no processing tax was paid by the petitioner to the Government or collected by the Government from the petitioner and that by the terms of the Act in question, no claim for refund was provided." F. & F. Laboratories v. Commissioner, supra [104 F.2d 566].

"At most, the amounts paid by petitioner represented only increased amounts which it was required by contract, not by the taxing statute, to pay." Oswald Jaeger Baking Co. v. Commissioner, supra [108 F.2d 377].

In Fuhrman & Forster Co. v. Commissioner of Internal Revenue, 7 Cir., 114 F.2d 863, 867, certiorari denied, 61 S.Ct. 613, 85 L.Ed. ——, February 3, 1941, the facts were identical with those at bar. The court analyzed in detail the applicable statutes, rules and regulations and approved its previous holding in F. & F. Laboratories v. Commissioner, supra, and Oswald Jaeger Baking Co. v. Commissioner, supra, stating, "We held in those cases that the statute restricted refunds to the particular processor who alone was obligated to pay the processing tax under the taxing statute." The court held that the slaughterer of the hogs was the first processor within the meaning and purpose of the taxing act, and that the first processor was the subject of the incidence of the tax, and that if they passed it on to another, they did so not by the operation of the statute, but by independent contract, which they had the lawful right to do. See, also, New Consumers Bread Co. v. Commissioner, 3 Cir., 115 F.2d 162.

■ The obligation to pay the tax never having been imposed upon the petitioner here because it was not the first processor as defined by the taxing statute, it paid the tax to the slaughterer (Armour & Company) by separate contract over which the government had no control. Denial of the right to claim a refund for the taxes which it paid under separate agreement does not violate due process as defined in Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143. This is so because the government does not hold money which it exacted from the petitioner by the imposition of an uncon-

stitutional tax, because the tax was not imposed upon the petitioner, and, therefore, an action for money had and received would not lie.

The petitioner not being the first processor as defined in Title VII of the Revenue Act of 1936, and not having paid the tax imposed by the act, is not entitled to claim refund for the tax which it paid to the processor which was liable for the tax. The decision of the Processing Tax Board of Review is affirmed.