## ALBERT MILLER & CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7276.

Circuit Court of Appeals, Seventh Circuit.

May 22, 1941.

Frederic P. Lee, of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and F. E. Youngman, Sp. Asst. to Atty. Gen., for respondent.

Before MAJOR, TREANOR and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Albert Miller & Co. (petitioner) filed an amended refund claim for sums alleged to have been paid as processing taxes under the Agricultural Adjustment Act, 48 Stat. 31, 7 U.S.C.A. § 601 et seq. The Commissioner of Internal Revenue rejected the claim on the ground that the amount sought to be recovered had not been paid by the petitioner under the Agricultural Adjustment Act. Petitioner then sought review of the disallowance in the United States Processing Tax Board of Review. There, upon motion of the Commissioner, the Board dismissed the petition for lack of jurisdiction. One member dissented. The case is now before us on petition to review pursuant to

§ 906(g) of the Revenue Act of 1936, 49 Stat. 1750, 7 U.S.C.A. § 648(g).

The petitioner is engaged in the business of buying and selling potatoes at wholesale. Before the Agricultural Adjustment Act was enacted, it entered into a contract with the Central Bag & Burlap Company for the sale and delivery to it of jute bags. These bags were made by processing jute fabric and jute yarn. The contract price did not include any processing taxes, nor did it permit their addition thereto. Upon delivery of the bags, the bag manufacturer collected the processing taxes from the petitioner, listing the price of the bags and the processing taxes separately, and paid the amount of the processing taxes to the Collector of Internal Revenue. There existed no agreement whereby petitioner might be relieved of the burden of such taxes or be reimbursed therefor, but petitioner bore the burden of such tax and it has not shifted that burden to the purchaser of its potatoes. In fact, the petitioner did not resell the bags but used them as containers for the potatoes.

After the bag manufacturer paid the processing taxes collected from the petitioner, the Supreme Court declared the taxing statute invalid.[1] Thereafter Congress provided for a refund "of any amount paid by or collected" from any claimant as tax under the Agricultural Adjustment Act and prescribed in an exclusive remedy for judicial determination of all such claims disallowed by the Commissioner of Internal Revenue.[2] This court[3] and other courts[4] have already held that Title VII of the 1936 Act, supra, authorized refunds only to claimants who actually paid to the Government as tax under the Agricultural Adjustment Act the amount involved in the claim.

In this case petitioner contends that it was liable for the payment of the processing taxes and points to Section 18 of the Agricultural Adjustment Act, c. 25, 48 Stat. 31, 41, 7 U.S.C.A. § 618, and argues that since it was compelled to pay the tax to the manufacturer of the bags, it ought not to be denied the right to a refund. Section 18(a) of the Agricultural Adjustment Act provides that if a contract entered into prior to the effective date of the Act "does not permit the addition" of the tax to the contract price, the vendee "shall pay so much of the tax as is not permitted to be added to the contract price" and Section 18(b) provides that "taxes payable by the vendee shall be paid to the vendor" who shall pay to the United States.

A somewhat similar contention was made in Oswald Jaeger Baking and Zinsmaster cases, footnotes 3 and 4, which were decided adversely to the contention now made by petitioner here.

In Alexander Smith & Sons Carpet case, supra, the contract was made before the Agricultural Adjustment Act was passed and it provided, as in our case, for a stated price and did not include any processing taxes. After the Act became effective the seller added to the contract price the amount of the processing tax. The vendee paid to the vendor the contract price plus the tax. In disposing of the contention there made, the court said [117 F.2d 976]: "It is true that in Sec. 18 of the Act a vendee under a contract made before the date the tax was imposed was required to pay so much of the processing tax 'as is not permitted to be added to the contract price' but obviously that provision did not put upon this petitioner any statutory liability to pay taxes which the seller could and did add to the contract price."

We agree with what was said in the Smith & Sons case, supra, and are satisfied that Section 18 above mentioned does not relieve a processor of his liability to pay the processing tax. It merely provides that if the sales contract does not permit the addition of the tax to the contract price then, "unless the contract prohibits such addition," the vendee should pay so much of the tax as was not permitted to

[1] United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

[2] Title VII, Rev.Act of 1936, Secs. 901–917, 49 Stat. 1747, 7 U.S.C.A. §§ 623 note, 644–659.

[3] F. & F. Laboratories v. Commissioner, 7 Cir., 104 F.2d 563; Oswald Jaeger Baking Co. v. Commissioner, 7 Cir., 108 F.2d 375; Fuhrman & Forster Co. v. Commissioner, 7 Cir., 114 F.2d 863.

[4] Arabi Packing Co. v. Commissioner, 109 F.2d 278; Zinsmaster v. Commissioner, 8 Cir., 109 F.2d 738; New Consumers Bread Co. v. Commissioner, 3 Cir., 115 F.2d 162; Alexander Smith & Sons Carpet Company v. Commissioner, 2 Cir., 117 F.2d 974, and Lindner Packing, etc., v. Commissioner, 10 Cir., 118 F.2d 656.

be added. The amount payable by the vendee, however, instead of being paid to the Government by the vendee "shall be paid to the vendor at the time the sale is consummated and shall be collected and paid to the United States by the vendor in the same manner as other taxes."

Decision affirmed.

TREANOR, J., through absence because of illness, has not read this opinion but concurred in the result.