SAVANNAH SUGAR REFINING CORPO-
RATION v. COMMISSIONER OF IN-
TERNAL REVENUE.

No. 9835.

Circuit Court of Appeals, Fifth Circuit.

June 26, 1941.

Rehearing Denied Aug. 1, 1941.

Donald V. Hunter, of Washington, D. C.,
and Forest P. Tralles, of St. Louis, Mo.,
for petitioner.

Hubert L. Will and Sewall Key, Sp.
Assts. to Atty. Gen., Samuel O. Clark, Jr.,
Asst. Atty. Gen., and J. P. Wenchel, Chief
Counsel, Bureau of Internal Revenue,
Raymond F. Brown and Royal E. Maiden,

Jr., Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment of the Processing Tax Board of Review, affirming the Commissioner and dismissing a claim for the refund of process taxes on sugar, in the amount of $443,243.11.

It appears from the record that Savannah Sugar Corporation operates a sugar refinery at Fort Wentworth, Ga. United States Sugar Corporation is engaged in growing sugar cane and manufacturing raw sugar from it, in Florida. These parties entered into a contract for the refining and marketing of the raw sugar. The Refining Company paid the processing taxes for which refund is sought, sold the refined sugar at market prices, deducted the processing taxes and other charges from the gross and remitted the net to the Sugar Company.

After the processing taxes were repealed petitioner filed a claim on its own behalf for refund of the processing taxes it had paid in connection with the above transaction. The claim was rejected by the Commissioner and the order became final. After the time for filing claims was extended by Congress, petitioner filed two claims for the refunding of the said taxes, one on its own behalf and one, in the alternative, as agent and on behalf of the United States Sugar Corporation. The Commissioner rejected both claims on the ground that under the regulations only one claim could be filed and, as the first claim had been rejected and the rejection had become final, he could not entertain either of the two additional claims. On appeal the Board affirmed. Appeals were taken to this court and subsequently the claim on behalf of the Refining Company was dismissed by it.

The contention of petitioner is that the Sugar Company was in fact the real taxpayer and bore the burden of the tax which the Refining Company paid as its agent and that no claim had been previously filed on behalf of that company. For its authority to file the claim as agent, petitioner relies upon Article 203 of Regulations 96 adopted by the Commissioner, which provides, in substance, that no refund shall be made unless claim is filed by the person entitled thereto or his duly authorized representative.

The Revenue Act of 1936, Sec. 902, 26 U.S.C.A. Int.Rev.Acts, page 960, 7 U.S.C.A. § 644, provides, in substance, that a person who has paid processing taxes subsequently declared invalid may file a claim for a refund if he has not been recompensed, directly or indirectly, but not otherwise.

In construing the Act it has been repeatedly held that suits for the recovery of processing taxes may be maintained against the Government only under such conditions and with such limitations as Congress has prescribed. Therefore, only the person who has actually paid the tax may file a claim for refund and he can not recover if he has been reimbursed in any way and had not borne the burden of the tax. No right of recovery is given a person not initially paying the tax although he may have borne the burden. Manifestly, it would be impracticable to do so as a person paying the tax may have passed it on to hundreds of others and so many claims might be filed they could not be handled. Alexander Smith & Sons C. Co. v. Commissioner, 2 Cir., 117 F.2d 974; Arabi Packing Co. v. Commissioner, 5 Cir., 109 F.2d 278, certiorari denied 310 U.S. 645, 60 S. Ct. 1093, 84 L.Ed. 1412; F. & F. Laboratories v. Commissioner, 7 Cir., 104 F.2d 563; Fuhrman & Forster Co. v. Commissioner, 7 Cir., 114 F.2d 863; Lindner Packing & P. Co. v. Commissioner, 10 Cir., 118 F.2d 656; New Consumers Bread Co. v. Commissioner, 3 Cir., 115 F.2d 162, 131 A.L.R. 1329; Oswald Jaeger Baking Co. v. Commissioner, 7 Cir., 108 F.2d 375, certiorari denied 309 U.S. 683, 60 S.Ct. 723, 84 L.Ed. 1027; Zinsmaster Baking Co. v. Commissioner, 8 Cir., 109 F.2d 738, certiorari denied 310 U.S. 653, 60 S.Ct. 1104, 84 L.Ed. 1418.

It may be presumed the Sugar Company, which grew the cane and manufactured the raw sugar, received benefits under the Act, which were paid out of the fund created by the collection of processing taxes. It may also be inferred that the amount of processing taxes paid was reflected in the market prices of the refined sugar. But that may be disregarded. It is certain the Refining Company paid the taxes for its own account and not as agent for the Sugar Company. The regulation relied upon would permit an authorized agent of the Refining Company to file the claim but would not authorize the filing of a claim by the Refining Company as agent for the Sugar Company, which did not di-

rectly pay the tax although the burden may have subsequently fallen upon it.

The contention that the claim involved in this suit is the first claim made by the real taxpayer is without merit. We think the decision of the Board could also have been put on the ground the claim was not filed by the taxpayer and the Sugar Company was without right to make it. The Board was without jurisdiction to entertain the claim.

The petition is denied, and the judgment appealed from is affirmed.